*E-Filed 5/7/12*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER LANS WRIGHT, | No. C 11-6317 RS (PR) |
| Plaintiff, | **ORDER REOPENING ACTION;** |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | **ORDER DIRECTING CLERK TO REOPEN THE ACTION** |
| Defendant. / | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The action was dismissed because plaintiff failed to file a complete application to proceed *in forma pauperis* and a complaint. Plaintiff has now filed both documents, which the Court construes as containing a motion to reopen. Accordingly, the order of dismissal (Docket No. 8) and the judgment (Docket No. 9) are hereby VACATED, and the action is REOPENED. The Clerk is directed to reopen the action. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Legal Claims

It appears that plaintiff claims that prison staff gave him inadequate medical treatment. His allegations, however, do not contain sufficient factual matter to state a claim under § 1983. For example, plaintiff alleges that he has diabetes, in addition to eye and foot problems. He has not, however, described what exactly his eye and foot problems are, whether they and his diabetes present a serious medical need, what treatment these conditions

require, and how the treatment he received (or failed to receive) was constitutionally inadequate.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* at 1059 (citing *Estelle*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059–60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U. S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id*. Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin*, 974 F.2d at 1060. In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that the course of treatment the doctors chose was "medically unacceptable under the circumstances" and that they embarked on this course in "conscious disregard of an excessive risk to plaintiff's

health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). A claim of mere negligence related to medical problems, or a difference of opinion between a prisoner patient and a medical doctor, is not enough to make out a violation of the Eighth Amendment. *Id*.; *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff's allegations do not meet these requirements.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint within 30 days from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (11-6317 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Plaintiff shall name as defendants all those specific persons who he thinks are responsible for the alleged violations, rather than simply list the prison itself as a defendant. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: May 7, 2012

RICHARD SEEBORG
United States District Judge

No. C 11-6317 RS (PR)
ORDER DISMISSING COMPLAINT

4